Chief Justice Robertson
delivered the Opinion of the Court.
This suit is brought for the benefit of Smith and Pearce-all, merchants of Philadelphia, against a sheriff and the sureties in his official bond, for an alleged breach of his duty in failing to pay over paper of the Bank of the Commonwealth, which he had “ in mrlue of" a fieri fa-cias in their favor, collected as sheriff.
The defendants pleaded, that the relators were nonresidents, had no agent in the county in which the sheriff resided, and that no demand had been made prior to the institution of the suit. Issue having been concluded on that plea, the jury found a verdict against the sheriff and his sureties, upon which the court rendered a judgment ; — to reverse which, this writ of error is prosecuted.
In a declaration against a sheriff forfailing to pay ' over commonwealth’s paper, anavermentthat 'he failed to pay “ the amount,” 'implies a charge of failing to pay in that paper, and is -sufficient. And'where it is averred, that he collected it “by virtue” of the ex’on,the legal deduction is, that he received it while the ex’on was in his hands, 8/-in force.
A sheriff having colleetecfmoney upon an ex’on, is bound to pay it over to the creditor, without a demand, if he 'resides in the county.
The attorney who recovered thejpdg’t, may receive the money , 8,- the sheriff will be justified in paying it to-him.
If the creditor reside not in the county, the sheriff (though he may pay it to the attorney) is not bound to pay. it to any one who does not produce an authority ill wri tins' from the creditor, for receiving it.
The sufficiency of the declaration is the first point presented for consideration.
The only objections which have been urged against the count, are, first that it avers that the sheriff failed to pay 11 the amount” which he had collected, but does not, in so many words, allege that he did not pay the Commonwealth paper which he had collected. — Second, that it avers that he collected the paper “in virtue” of the execution, hut does not state expressly, that the collection was made whilst the execution was in full force, and gave him authority- to make the amount for which it was issued.
' Neither of these objections can be sustained. — “ The amount” collected, imports the Commonwealth paper collected, and not specie, or any thing but what the execution entitled the sheriff to collect and the creditors to demand. And'if the money was collected in virtue of the execution, the legal deduction is, that it was collected whilst, the execution gave the sheriff legal authority to coerce the amount by means of the writ.
Upon the trial, the only proof of a demand was, that the attorney at law, who had obtained the judgment on which the execution had been issued, but who did not reside in the county in which the money was collected, had drawn an order for it on the sheriff, who did not pay it, or accept the order. And thereupon, the court refused to instruct the jury, on the motion of the defendants, .that it was not the duty of the sheriff to pay the money on such a demand. And that.refusal presents the next subject for revision by this court.
That an attorney at law, who obtains a judgment for his client, may have an implied and resulting authority to receive, for the client, the money or thing adjudged to him, we do not doubt. Such seems to be the common law of the state, as well as a clear deduction from a statute of 1796, 1 Dig. 495. The thirty fifth section of that act declares,if any sheriff or other officer-shall make return upon any writ of fieri facias &c. that he hath levied the debt, damages and costs, as in such writ required, or any part thereof, and shall not immediately pay the same to the party to whom the same is payable^ *417 ■or Ills attorney,” he shall be liable to a motion in the proper court for the amount, and fifteen per cent, damages.
The thirty sixth section of the same act provides that, when the creditor does not live in the county in which the money is collected on execution, unless he shall have appointed an agent in that county, or unless “demand (of the money) shall have been first made of the sheriff in his county, by the creditor, or some other person having a written order from him,'” no judgment shall be rendered against the sheriff for failing to pay the amount collected on the execution.
The twenty second section of the act of 1828, “to amend and reduce into one the execution laws of this state,” provides that, when the execution creditor resides in any other county than that in which the money is collected, unless an agent in the latter county shall have been appointed and the fact of his appointment endorsed on the execution, the sheriff shall not be liable to suit for’ failing to pay over the amount collected on the execution until after the creditor shall have made, or “caused” to be made, a demand of the sheriff; and the twenty third section of the same act also recognises the right of the sheriff to pay the money to the attorney at law of the creditor, if he shall choose to do so.
Construing the thirty fifth and.the thirty sixth sections of the act of 1196 together, so as to make them harmonize, and so as to. give effect to each, the former should be interpreted to mean that, if the creditor reside in the county in which the sheriff lives, it shall be his (the sheriff’s) duty to pay over, without any demand, the amount of the. execution to which the creditor is entitled, and that a payment to either the creditor or his attorney will exonerate the officer; — and the latter section (36th) should be understood to mean that, when the creditor resides in any other county than that in which the sheriff lives, the sheriff shall not be bound to go out of his county to pay the money, nor bound to pay it to the attorney, (as he may not know who he is, or whether his impiled authority to collect may not have been re- *418 voiced or countermanded',) and shall be liable to suit for non payment in the evertt only of a demand, in his county, by the creditor himself, or by his agent constituted in writing.
The act,of’27, authorizing judg ments for the nomina! amount in bank notes, against officers •tvho have collected such money, and failed to pay it ■ over, does not apply •to their sureties; the recovery in asuit where they are included,can be only for the value of the paper when it ought to have been paid, and interest on it.
The twenty second section of the act of 1828 repeals only so much of the thirty fifth and thirty sixth sections of that of 1796, as is inconsistent with its provisions. The three sections taken, as they should be, in pari ma-teria, the words, “ shall have made or caused to be made a demand,” should be understood to mean a demand in the sheriff’s county, by the creditor, or by an agent appointed as the pre-existing law required: that is, by the creditor himself, and in writing, so that the sheriff may have evidence of his authority.
The conclusion is, that, though a sheriff may legally pay over to the attorney of the creditor, he is not liable for.failing to do so, unless the attorney have authority in writing; and that, as, in this case,, the attorney had no Written authority to receive the money, the circuit court erred in withholding the instruction proposed by the counsel for the plaintiffs in error; for the sheriff was not liable to a suit for failing to pay the money, unless it had been demanded in his county by the creditors, or an agent constituted by writing.
The right to render a verdict and judgment for seventy dollars six and one fourth cents in specie, when the amount collected was only about sixty two dollars in notes of the bank of the Commonwealth, is the only-matter remaining to be considered.
The second section of the act of 1827, does not apply to a suit against a sheriff and his sureties on the official bond. It provides only that, when an officer shall have collected Commonwealth paper, and failed to pay it over as he ought to have done, “ any court or justice of the peace rendering judgment in such case against any such officer, shall render judgment for the bank paper so collected bv said officer.” This act applies only to a proceeding by motion or otherwise against the officer alone. It does not affect the liability of his sureties; that is fixed by the general law, and cannot exceed the *419 amount of injury or lo<s .sustained by the creditor; and that is the value of the.-paper when it .ought to have been paid, or when the breach of the bond occurred, and interest thereon. The judgment in such a case should be rendered for specie.
Where the recovery is in specie, tor a debt due in paper, there must be evidence of the value of the paper, or the verdict cannot be sustained.
In'this case there was no proof of the value of Commonwealth paper; and therefore, although the verdict and judgment may not be too high, nevertheless, the jury, having no legal criterion for ascertaining the amount to which the relators were entitled, had no authority for their verdict, and it cannot be sustained.
Wherefore the judgment is reversed, and the cause remanded for a new trial.